**WEBER, Plaintiff-Appellee, v. SPROAT, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 495.   Decided October 31, 1955.

Robert P. Fite, Piqua, for plaintiff-appellee.
Forrest L. Blankenship, Troy, for defendant-appellant.

## OPINION

By HORNBECK, J.:

This is an appeal from a judgment in favor of the plaintiff and

against the defendant in the sum of $549.00 with interest and costs. The judgment was entered upon an action to reduce to a lump sum the accumulated arrearage in payments due plaintiff on an order of the Municipal Court of Miami County, Ohio, made after the defendant had been adjudged the putative father of a child, for whose support and maintenance $9.00 per week was ordered to be paid. The defendant, by answer, denied generally the averments of the petition, and in a second defense asserted that the judgment in the bastardy suit was void for want of jurisdiction in the Municipal Court, Piqua, Ohio, to try and determine the issues.

It is the contention of appellant that the judgment in the bastardy suit is void because the act granting jurisdiction to the City of Piqua Municipal Court is unconstitutional in that it is repugnant to **Article II, Section 26 of the Constitution of Ohio**, providing that all laws of a general nature shall have uniform operation throughout the state and, also, that the legislation empowering the Municipal Court of Piqua, Ohio, to adjudicate bastardy cases, 122 O. L. 484, being legislation effecting substantive rights, and having become effective after plaintiff's cause of action arose, was ineffective to grant jurisdiction to the court in this case.

The nine errors assigned are based principally on the foregoing contentions, with the further claim that the court erred in taking judicial notice of the bastardy action and proceedings and record thereof. The bastardy case and this action were tried in the same court.

Coming then to the Constitutional question. Characteristically, counsel for appellant has briefed this question fully and capably. It would serve no good purpose for us to engage in an extended discussion of this assignment inasmuch as, in our judgment, it has been determined contrary to the contention of appellant. The Municipal Court of the City of Piqua is a local court of special and limited jurisdiction. Therein lies the difference between it and the Common Pleas Court, which is ц court of general jurisdiction, although both courts are creations of statute under the Constitution. We are content to cite the following authorities as dispositive of the question urged. **Kelley v. State, 6 Oh St 270; State, ex rel. Fox v. Yeatman, et al., State, ex rel. Thompson v. Bundenthal, et al., 89 Oh St 44, 47; State, ex rel. Attorney General v. Bloch, 65 Oh St 370,** and particularly **State, ex rel. De'Alton v. Richie, 97 Oh St 41; Hess v. Devou, et al., 112 Oh St 1; State, ex rel. Ramey v. Davis, et al., 119 Oh St 596; Schadt Motor Truck Co. et al. v. Dengenhart, 10 Oh Ap 100.**

The sixth assignment of error is based upon the action of the trial judge in taking judicial notice of the proceedings in case No. 514 in the Municipal Court, the bastardy action, as a basis for the judgment entered in the case here on appeal.

The authorities in Ohio do not support the action of the trial judge. While it is generally stated that a court will take judicial notice of its own records, this is not exact in specific situations. In **Burke, Exrx. v. McKee, 30 Oh Ap 236,** the first syllabus, it is held:

"Courts do not take judicial knowledge of their own records except the record of the case under trial."

At page 238 of the opinion, Mauck, J., says:

"The common pleas seemed to resort to that judgment (that is, a prior judgment in the same court), on the theory that a judge takes judicial knowledge of all the records of the court in which he is presiding. This is erroneous. * * * Courts do not take judicial knowledge of their own proceedings, but only of their own proceedings in the immediate case under consideration.

" 'The rule with regard to notice of the pendency of. or record in, other causes or proceedings, as already indicated, is quite the reverse of that requiring notice of the record of former proceedings in the case at bar. Both reason and authority establish the rule that, in a given case, the court has no knowledge of the pendency of proceedings in other causes in the same court, much less of those in other courts.' I Jones on Evidence (2d Ed.), Section 432.

"The rule in this state is in entire harmony with the rule generally obtaining, even though the trial judge may have presided in the very case of which he assumes to take judicial notice. **Myers v. State, 46 Oh St 473.**"

See also **Foltzer v. City of Cincinnati, 70 Oh Ap 128, 4th syllabus,** and Wigmore on Evidence, Par. 2579.

This assignment of error is well made.

All other assignments are overruled.

Judgment reversed and cause remanded for a new trial

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.