**COLUMBUS (City), Plaintiff-Appellee, v. EWING, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5592. Decided April 29, 1957.

Russell Leach, City Atty., William T. Gillie, First Asst. City Atty., Columbus, for plaintiff-appellee.

William K. Lohr, Columbus, for defendant-appellant.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By THE COURT.

This is an appeal from a judgment and sentence of defendant-appellant after conviction of a violation of a traffic ordinance of the City of Columbus. The charge was that defendant did unlawfully "back to turn a Studebaker Lic. J.578 from Washington onto McCoy."

Appellant in oral argument and in brief assigns three errors:

1. The trial court erred in determining that appellant's act in backing into an intersection was a violation of Section 27.308, of the Columbus City Code.

2. Section 27.308 of the Columbus City Code, when interpreted to absolutely prohibit an automobile backing to turn, is an unreasonable exercise of the police power, has no reasonable relation to public safety, is vague and indefinite and is unconstitutional and void.

3. Section 27.308 of the Columbus City Code is in conflict with the General Law of Ohio and therefore unconstitutional.

The ordinance involved, Section 1285 (now Section 27.308), reads: "Regulating Turns, etc. A driver of a vehicle shall not back to make a turn or turn between street intersections. Turns commonly known as 'U' turns are hereby prohibited."

At the time this case was orally presented, and in the briefs, counsel set forth what they say is an agreed statement of facts developed at the trial of defendant on the charge.

An examination of the files in the case discloses nothing from the Municipal Court but the transcript of docket and journal entries. There is no bill of exceptions; there is no agreed statement of facts; nor is there anything before us in compliance with the statute §2321.12 R. C., which brings to the attention of this court the facts developed at the trial or the defense there asserted.

The charge in the affidavit does not state in which direction defendant was moving in Washington Street or into McCoy Street or the direction that he took as he moved onto and along McCoy Street.

To reach any error assigned, we have to take judicial notice not only of Washington Street and McCoy Street, their location with respect to each other, but also of the location of the intersections, whether or not there was an intersection between Washington and McCoy Streets, into which it is charged defendant backed his automobile. If all of this could be done, even then we would not have some of the facts upon which appellant seeks to rely in this court.

It is well recognized that a constitutional question cannot be raised in a reviewing court unless it appears that it was urged in the trial court. 2 O. Jur. (2d), 683; Hoffman v. Staley, 92 Oh St 505; Cuthbertson v. State, et al., 106 Oh St 658; Zimmerman v. Morris Plan Bank of Cleveland, Ohio, et al., 113 Oh St 703; The Village of Clarington v. Althar, 122 Oh St 608; State v. Miller (Franklin County), 28 Abs 571; Kuhn v. Wood, 34 Abs 265.

We have no authorized way to determine what questions were raised defensively in the trial court and especially whether or not the constitutional question here urged was there set up.

In the situation presented, any opinion of this court would be without the effect of a judgment, and we should not indulge in an expression which would not result in an adjudication of questions properly exemplified by the record.

The appeal will be dismissed.

PETREE, PJ, MILLER and HORNBECK, JJ, concur.