WILSON, PLAINTIFF-APPELLEE, *v.* WILSON, DEFENDANT-APPELLANT.

Ohio Appeals, Tenth District, Franklin County.

No. 6195. Decided February 23, 1960.

*Mr. Clayton W. Rose, Jr.,* for plaintiff-appellee.
*Messrs. Schwartz, Gurevitz & Schwartz* and *Mr. Charles R. Andrews,* for defendant-appellant.

BRYANT, P. J. This case began in the court below as an action for divorce upon the grounds of gross neglect of duty and wilful absence for more than one year, Alfred H. Wilson, plaintiff-appellee, on September 25, 1957, filing his petition for divorce against Ellen L. Wilson, defendant-appellant.

After some delay, an answer was filed on November 23, 1957, admitting the residence qualifications of plaintiff-appellee, the marriage of the parties, the birth of two children, followed by a denial of either gross neglect of duty or wilful absence for more than one year and praying for the dismissal of the petition. The case was heard in the divorce court on September 18th and 19th, 1958, and thereafter briefs were filed by plaintiff-appellee on November 22, 1958, and by defendant-appellant on December 3, 1958.

Although it is not indicated in the record, on or about December 9, 1958, the court decided the case in favor of the defendant-appellant and ordered the petition dismissed. Counsel appear to have been notified of the court's decision by post card.

On February 5, 1959, nearly two months after the announcement of the decision of the case, but before that decision was reduced to judgment by the filing of a journal entry, counsel for the defendant-appellant filed a motion, accompanied by a memorandum, seeking the court to order plaintiff-appellee to pay defendant-appellant Four Hundred Twenty-five Dollars ($425.00) "as and for legal expenses incurred in this action." Copies of the motion and memorandum were personally served upon plaintiff-appellee by the sheriff on the same date the motion was filed.

On April 23, 1959, an entry was filed, apparently giving effect to the decision of December 9, 1958, wherein the trial court dismissed the petition for divorce. From the brief of defendant-appellant, we are informed that also on April 23, 1959, the defendant-appellant's motion for legal expenses was argued and a decision was given then and there overruling the motion.

On May 1, 1959 defendant-appellant filed a notice of appeal on questions of law "from a judgment * * * in the above entitled cause on the 28th day of April 1959, overruling defendant-appellant's motion for expense money."

On May 5, 1959, an entry was filed journalizing the court's decision overruling the motion of defendant-appellant for an order to require plaintiff-appellee "to pay to the defendant-appellant Four Hundred Twenty-five Dollars ($425.00) as and for legal expenses incurred in this action."

The court thus refused to pass upon the motion, in effect holding that on February 5, 1959, it was too late to file such a motion, and that "It is the decision of this court that the motion was not timely filed and, therefore, it is denied."

On May 6, 1959, a further entry was filed seeking to make effective, as though filed on April 25, 1959, the entry actually filed on May 5, 1959.

We deem it worthy of note that on May 1, 1959, when apparently the appeal was perfected by the filing of the notice of appeal and on which date in legal theory the cause left the court below, there was in fact no judgment of "the 28th day of

April, 1959," or any other date deciding the motion for expenses. If the transcript is to be believed, nothing whatever was filed in this case in the court below between April 23, 1959 and May 1, 1959. We are, of course, aware of the attempt by the nunc pro tunc theory of May 6, 1959, to relate back to April 25 the entry actually filed on May 5, 1959. Just why it was not made as of April 28, 1959, the date used in the notice of appeal is not clear.

We shall make no effort to consider the many questions arising upon that aspect of the case as it is not raised by plaintiff-appellee.

Counsel for defendant-appellant disputes the holding of the court below, that the motion was filed too late, and relies on Section 3105.14, Revised Code, which reads in part as follows:

"On notice to the opposite party of the time and place of the application, the court of common pleas, or a judge thereof, for good cause shown, supported by satisfactory proof, may grant alimony to either of the parties for his sustenance and expenses during the suit and may make an order for the custody, * * *. On application for a rehearing on any such order by a party whose rights are irreparably and substantially affected thereby, if requested by such party, the court shall make a final order with respect to the matters provided for in such temporary order. When an appeal is taken by either party, the court of appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice."

The defendant-appellant makes a single assignment of error which is as follows:

"Court denied defendant-appellant's motion for expense money solely because said motion was not timely filed."

The primary interest at this time is whether or not the court below made the correct decision, and in the present state of the record we find ourselves in agreement with the conclusion reached. That is because the record in its present state fails to exemplify the alleged error complained of. No where is it indicated either that there was notice given to the opposite party of the time and place of the application, or that there were facts which constituted a waiver. The record is simply

silent. We are unable to find where there was good cause or any cause shown, nor can we find where it was supported by satisfactory proof or any proof. These are specific requirements of the statute and must be complied with. It is true that a copy of the motion for expense money and the supporting memorandum was served upon the plaintiff-appellee on February 5, 1959, the same day it was filed by defendant-appellant, but this in no sense is notice of the time and place of the application.

We are faced with the necessity of either affirming or reversing the court below and, while we are not in accordance with the view expressed by the court below that this motion for expenses was filed too late, due to the condition of the record, we are unable to hold that the conclusion reached by the court below was wrong.

The assignment of error will therefore be overruled and the judgment of the court below affirmed.

DUFFY, J., concurs.

WILSON, PLAINTIFF-APPELLEE, v. WILSON, DEFENDANT-APPELLANT.

No. 6195. Decided March 1, 1960.

*Per Curiam.* This matter comes on for consideration upon a motion filed in this court by counsel for Ellen L. Wilson, de-

fendant-appellant, asking this court for "an order awarding reasonable attorney fees to counsel for the defendant-appellant for the prosecution of this appeal."

Reliance is placed upon the provisions of Section 3105.14, Revised Code, permitting the trial court "on notice to the opposite party of the time and place of the application" and "for good cause shown, supported by satisfactory proof" to "grant alimony to either of the parties for his sustenance and expenses during the suit * * *."

The section also provides that this court, or a judge thereof, "may grant like alimony, custody and support, during the pendency of the appeal, *upon like notice*," in cases where "an appeal is taken by either party." (Emphasis added.)

During the four months since the filing of the motion, it does not appear that the required steps have been taken. This court has heretofore, by decision dated February 23, 1960, dismissed the appeal and for failure to comply with said Section 3105.14, Revised Code, the pending motion must be overruled.

BRYANT, P. J., and DUFFY, J., concur.
MILLER, J., not participating.