STATE, PLAINTIFF, v. STUKENBORG, DEFENDANT.

Common Pleas Court, Mercer County.

No. 3977. Decided August 31, 1962.

540

*Mr. James W. Myers*, city solicitor, for the state.
*Mr. John J. Hinders*, for the defendant.

, DULL, J.   The appellant was arrested on a charge of "drag racing" under Section 4511.251, Revised Code, tried without a jury in the Municipal Court of Celina, Ohio, and found guilty.

Sentence was imposed upon the defendant within the limits of the penalty statute, Section 4511.99 (C), Revised Code, by a fine of $250.00 and costs.   Then the court further ordered as follows: "Suspend your license to drive for one year.   Suspend $100.00 of fine and 3 months of the license suspension on good behavior."

Section 4511.251, Revised Code, provides: "(A) Drag racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, wherein timing is made of the participating vehicles involving competitive accelerations or speeds.   Persons rendering assistance in any manner to such competitive use of vehicles shall be equally charged as the participants.   The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of Section 4511.21, Revised Code, or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of drag racing.

"(B)  No person shall participate in a drag race as defined in division (A) of this section upon any public road, street, or highway in this state."

Section 4511.99 (C), Revised Code, provides: "Whoever violates Section 4511.251 (Section 4511.25.1), Revised Code, shall be fined not more than five hundred dollars or imprisoned not more than six months, or both."

This appeal from the Municipal Court of Celina, Ohio, was submitted upon the transcript, original papers, a narrative form of bill of exceptions and the briefs of the appellant and of the appellee—all in substantial compliance with the provisions of Section 2953.04, Revised Code.

The brief of the appellant contains six assignments of error, the first three of which are:

"1. Error in overruling defendant's motion to dismiss at conclusion of the State's case;

"2. The Judgment is not sustained by sufficient evidence;

"3. The judgment is contrary to law;"

It is the considered opinion of the court that none of the first three assignments of error are substantiated by the record and hence have no merit.

However, the last three assignments of error, the court feels, deserve some comment.

The 4th assignment of error is: "that part of the sentence suspending defendant's driver's license is beyond the authority of the court to order."

In the 3rd paragraph of the syllabus of *Ohio* v. *Gundlach* and *Ohio* v. *Johannsen,* 112 Ohio App., 471; 15 Ohio Opinions (2d), 192, it is stated: "*Drag racing,* as defined in Section 4511.251 (A), Revised Code, *relates to the reckless operation of a motor vehicle,* and one convicted of the offense may be subject to the penalty of suspension or revocation of his or her driver's license for a period not to exceed one year, under the provisions of Section 4507.34, Revised Code. (Emphasis by the court.)

The appellant in his brief argues that the lack of excessive speed in the instant case distinguishes it from *Ohio* v. *Gundlach* and *Ohio* v. *Johannsen, supra.*

However, again quoting Section 4511.251, Revised Code, in part: "The operation of two or more vehicles side by side *either* at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of Section 4511.21, Revised Code, *or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds* shall be prima facie evidence of drag racing." (Emphasis by the court.) The testimony of the defendant and of his passenger and the testimony of the defendant in a companion case (the

driver of the other vehicle involved) and of his passenger revealed that the two cars left from a common starting point (the traffic light at the intersection of Main and Logan Streets in the City of Celina, Ohio). Further, the testimony of the arresting officer revealed that both vehicles had accelerated to an estimated speed of 45 to 50 miles per hour as they arrived at the railroad tracks on South Main Street where the prima facie lawful speed is 35 miles per hour (Section 4511.21 [C], Revised Code). Further, it is stated in paragraph one of the syllabus of 1960 Opinions of the Attorney General of Ohio No. 1182: "Under division (A) of Section 4511.251, Revised Code, drivers of motor vehicles competing over a common course from point to point need not operate such vehicles at speeds in excess of prima facie lawful speeds in order to violate said section, *but a violation of such section would occur if the competition among the vehicles involved competitive accelerations or speeds as the predominant element of the competition; and operation of the competing vehicles at speeds in excess of the prima facie lawful speed could be used as evidence that competitive accelerations or speeds were a predominant element of such competition.*" (Emphasis by the court.)

Consequently, the lack of excessive speed in the instant case does not, in itself, prevent finding the defendant guilty of violating the provisions of Section 4511.251, Revised Code, followed by a lawful suspension of defendant's driver's license under the provisions of Section 4507.34, Revised Code. Hence, the court is of the opinion that the 4th assignment of error contains no merit.

The 5th assignment of error is: "Error, prejudicial to the defendant, Robert Stukenborg, in the court's considering previous offenses not introduced by the State or defendant."

In the 6th paragraph of the syllabus of *Myers* v. *State*, 46 Ohio St., 473, it is stated: "It is not competent for him (presiding judge) to take judicial notice of, and consider in his deliberations, that the respondent had been guilty of another contempt of the same court, for which he had theretofore been tried and found guilty. And where it appears that the consideration of such facts may have influenced the exercise of discretion, in fixing the penalty, to the prejudice of the respondent, the proceeding will be reversed for such error." See also: *Burke,*

*Exrx.* v. *McKee*, 30 Ohio App., 236; *Weber* v. *Sproat*, 73 Ohio Law Abs., 379.

However, nothing appears in the transcript, the narrative form of bill of exceptions or any part of the record that the court did take judicial notice of the previous offenses of the defendant Robert Stukenborg in the same court during trial and prior to judgment and sentence. And, as stated in the 5th paragraph of the syllabus of *Osborn* v. *State (Ohio)*, 7 Ohio Reports, 212: "Upon a writ of error nothing is examinable but what is set forth in the transcript of the record." Hence, the court is of the opinion that the 5th assignment of error contains no merit.

The 6th assignment of error is: "That part of Section 4511.251, Revised Code, that defines a violation of said Section by definition of "drag racing" without any speed in excess of prima facie lawful speed is vague, without any prescribed standard, arbitrary and unreasonable and has no substantial relation to the public health, morals, safety or welfare and is in violation of the Constitution."

At page 474 of the opinion in *Ohio* v. *Gundlach* and *Ohio* v. *Johannsen*, 112 Ohio App., supra, the court states: "In the case here under review, the statute (Section 4511.251, Revised Code), fully, directly and expressly, without uncertainty or ambiguity, sets forth all of the elements necessary to constitute the offense intended to be punished. 'Drag racing' is unequivocally defined and then condemned."

Further, as to the unconstitutionality of the statute in question, it is stated in 10 Ohio Jurisprudence (2d), 220: "It is *generally* true that a defendant in a criminal case has the right to raise the question of the validity of the law under which he is prosecuted, at any time." (Emphasis by the court.) But the question of the constitutionality of a statute must be asserted at the first possible opportunity for it to be preserved on appeal. The reasons for this are stated by Weygandt, C. J., in his dissenting opinion in *Grandle* v. *Rhodes*, 166 Ohio St., 201: "One of the elementary and cardinal principles of orderly procedure in the judicial review of lower court decisions is that, with the single exception of jurisdiction of the subject matter, a question must be raised below in order to afford the lower courts an opportunity to consider and decide it. There are

several sound reasons for this universal rule. One is that in fairness a higher court should not reverse a lower one for something the latter did not do. Another reason for the rule is that the higher court and the litigants are entitled to the benefit of the reasoning and judgment of the lower tribunal on the question. A third reason is that an appellant is required to file assignments of error for the purpose of notifying opposing counsel and the reviewing court as to the specific mistakes allegedly made below." See also: *State, ex rel. King,* v. *Shannon,* 170 Ohio St., 393; *Toledo* v. *Gfell,* 107 Ohio App., 93; *Columbus* v. *Ewing,* 77 Ohio Law Abs., 31.

The question of the constitutionality of Section 4511.251, Revised Code, according to the record, was not raised in the trial court. Hence, the court is of the opinion that the 6th, and last, assignment of error contains no merit.

As stated in 3 Ohio Jurisprudence (2d), 670, 671 and 672: "- - - error will not be presumed, but must be made to appear affirmatively on the record, or, as it sometimes stated, the burden is upon the appellant to show that error has occurred. In other words, the reviewing court will start with the assumption that the record brought before it is wholly free from error until the contrary is shown, and if the errors assigned do not affirmatively appear on the record, the judgment below will be affirmed, even though the court may suspect that there was error, or may doubt whether, upon the real facts of the case, it ought to have resulted in the verdict that was given." See also: *Wilson* v. *Wilson,* 89 Ohio Law Abs., 108.

The court feels constrained to point out to the defendant that it was his right and privilege to have requested a trial by jury and to have had a complete record made of the trial of his case, or both, in the Municipal Court in order to protect his rights on appeal. This he did not do.

Accordingly, the judgment of the Municipal Court of Celina, Ohio, is affirmed.

The costs are assessed against the appellant.