THE STATE OF OHIO, APPELLEE, *v.* GUNDLACH, APPELLANT.*
THE STATE OF OHIO, APPELLEE, *v.* JOHANNSEN, APPELLANT.

(Nos. 303 and 304—Decided October 5, 1960.)

*Mr. C. B. McClure,* for appellee.
*Mr. J. B. Palmquist* and *Mr. Charles P. Courtney,* for appellants.

DOYLE, P. J. Appellants, Gary E. Gundlach, in case No. 303, and Bruce Johannsen, in case No. 304, were arrested on a charge of "drag racing," under Section 4511.251 (A) and (B), Revised Code of Ohio, tried in the Municipal Court of Medina, and found guilty.

The court thereupon imposed sentence within the limits of the statute (Section 4511.99 [F], Revised Code), and further

*Motion to certify the record overruled, February 15, 1961.

ordered that each defendant "be deprived of his driver's license, by suspension, for a period of one year."

The penal statutes upon which the convictions and penalties were based read as follows:

Section 4511.251, Revised Code:

"(A) Drag racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, wherein timing is made of the participating vehicles involving competitive accelerations or speeds. Persons rendering assistance in any manner to such competitive use of vehicles shall be equally charged as the participants. The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of Section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of drag racing.

"(B) No person shall participate in a drag race as defined in division (A) of this section upon any public road, street, or highway in this state."

Section 4511.99 (F), Revised Code:

"Whoever violates Section 4511.251 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than six months, or both."

Each of the convicted and sentenced persons presents the following assignments of error:

"1. No facts were set forth in affidavit which would constitute a violation of any statute of state of Ohio; and in particular, no violation of statute under which defendant was tried.

"2. The sentence of the court below was contrary to law."

The affidavits in each case appear as follows:

"Before me, Clara Frankum, deputy clerk of the Municipal Court of Medina, or a notary public, personally came Ptl. Carl A. Nos, who being duly sworn according to law, deposes and says, that on or about the 27th day of March, A.D. 1960, at the County of Medina aforesaid, one * * * [here is inserted the name of the defendant] did unlawfully operate a motor vehicle

to wit: a 1956 Ford bearing Ohio license * * * [here inserted the accused's license number] over and upon Highway 18, in Medina Township, in Medina County, in the state of Ohio, in that he drove said motor vehicle as a participant in a drag race as defined under Section 4511.251 (A) of the Ohio Revised Code and that he drove said motor vehicle in excess of the legal prima facie speed limit of 50 m.p.h., to wit, 70 m.p.h. The violation occuring at approximately 9:50 o'clock p. m. on March 27, 1960. Contrary to and in violation of Section 4511.251 (B) of the Ohio Revised Code, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.''

No bill of exceptions containing the evidence or a record of the trial proceedings has been filed, but it is agreed by all, and the transcript so shows, that the two appellants were charged in like manner by the same police officer, were arraigned and tried at the same time, and the evidence offered was, with the consent of each defendant, used for and against each of the parties.

The affidavits are attacked with the charge that they show no facts which would bring them within the purview of the statutes. It is argued that in each case:

"* * * the latter part of the affidavit charges that appellant drove in excess of prima facie speed limit of 50 m.p.h., to wit, 70 m.p.h.

"At most the allegation of these facts of the speed, if it could be construed a violation of any statute, it would have been Section 4511.21. [This section is titled "Speed limits; modification by director of highways or local authorities."] We notice that a violation of Section 4511.251 in regard to a rate of speed provides: 'the operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of Section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of drag racing.'

"Nowhere in said affidavit is it shown that any vehicles were side by side or accelerated from a common starting point.''

Section 2941.05, Revised Code, provides, under the title

"Statement charging an offense," the following rule of procedure:

"In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged."

The statute relating to the sufficiency of an indictment or information applies equally to an affidavit charging a crime. Section 2941.35, Revised Code. It does not, however, apply to an affidavit which as drawn is not sufficient to charge an offense. It does not contemplate the making of a good affidavit out of one which states no offense. *State* v. *Cimpritz*, 158 Ohio St., 490, 110 N. E. (2d), 416.

In cases where a statute sufficiently describes acts or conduct intended to be condemned by the Legislature as criminal, the rule is general that a charge in an affidavit is sufficient if it adopts and follows the language of the statute, or is in language substantially equivalent thereto, if the defendant is thereby apprised of the offense charged, and the court is enabled to see therefrom on what statute the charge is based.

In the case here under review, the statute (Section 4511.251, Revised Code) fully, directly and expressly, without uncertainty or ambiguity, sets forth all of the elements necessary to constitute the offense intended to be punished. "Drag racing" is unequivocally defined and then condemned.

It is the opinion of the members of this court that the affidavit sufficiently charges the offense proscribed by the statute. It charges the commission of a public offense specified as "drag racing"; all of the elements of which are set forth in the statute; and which statute is specifically set out by reference to the section of the Code in the affidavit. Beyond peradventure, the accusation was sufficiently stated to enable the accused to know what he might expect to meet upon the trial.

It is further observed that, at no time did the appellants attempt to test the sufficiency of the affidavits until their cases reached this reviewing court. Nor does the record reveal any attempt to secure a bill of particulars, as would have been their right under Section 2941.07, Revised Code.

The following Code sections are pertinent to the paragraph above.

Section 2941.54, Revised Code:

"A motion to quash may be made when there is a defect apparent upon the face of the record, within the meaning of Sections 2941.02 to 2941.35, inclusive, of the Revised Code, including defects in the form of indictment and in the manner in which an offense is charged."

Section 2941.57, Revised Code:

"The accused may demur:

"(A) When the facts stated in the indictment do not constitute an offense punishable by the laws of this state;

"(B) When the intent is not alleged and proof thereof is necessary to make out the offense charged;

"(C) When it appears on the face of the indictment that the offense charged is not within the jurisdiction of the court."

Section 2941.59, Revised Code:

"The accused waives all defects which may be excepted to by motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue."

From the observations heretofore made in this opinion, it appears that the provisions of Section 2941.29, Revised Code, if for no other reason, require this court to overrule the first claim of error.

Section 2941.29, Revised Code, provides:

"No indictment or information [or affidavit] shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, *nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information [or affidavit], unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits.*" (Italics ours.)

Under the second claim of error, it is argued that:

"* * * the court suspended the driver's license for a period of one year. * * * the principle is well established * * * that the court in sentencing can only give the maximum provided by a statute.

"In the case at hand, Section 4511.99 controls, and it reads as follows:

" '(F) Whoever violates Section 4511.251 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than six months, or both.'

"No provision is made for suspension of license.

"Section 4507.34 provides for the suspension of license when a party is found guilty of reckless operation. Since there is a specific statute covering reckless operation, can the court find that a violation of Section 4511.251 is included in reckless operation? Section 4507.16 provides for suspension or revocation of license for certain periods upon violations enumerated under said section. In analysis of this section, we cannot see where Section 4511.251 is listed."

We agree with the statement that in Section 4507.16, Revised Code, no mention is made of Section 4511.251, Revised Code. However, that section of the Code is not the only one dealing with the subject of the revocation of licenses.

Section 4507.34, Revised Code, appears as follows:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."

In a consideration of this statute, this court states the rule to be that, one who engages in drag racing, as defined by the statute, and in doing so drives his automobile at a speed of seventy miles an hour in excess of a prima facie legal speed limit of 50 miles per hour, violates a law "relating to reckless operation" of a motor vehicle, and a court of record [as is in-

deed the Municipal Court of Medina] may, as a part of the penalty imposed pursuant to trial and conviction, order a defendant's driver's license suspended for a period of time not exceeding one year. See: *City of Akron* v. *Willingham*, 166 Ohio St., 337, 142 N. E. (2d), 653.

We find no error in the trial or proceedings before Judge Winters in the Municipal Court of Medina; and, as a consequence thereof, the judgments will be affirmed.

*Judgments affirmed.*

STEVENS and HUNSICKER, JJ., concur.