CITY OF AKRON, APPELLEE, *v.* SABOL, APPELLANT.

(No. 5549—Decided April 21, 1965.)

*Mr. R. C. Sheppard,* law director, and *Mr. Paul M. McKosky,* for appellee.

*Mr. Richard Sternberg,* for appellant.

DOYLE, P. J.  This appeal from a judgment of conviction and sentence in a misdemeanor action in the Akron Municipal Court raises the issue of the jurisdiction of the court to hear the charge on the asserted premise that "the affidavit did not charge an offense under the [municipal] ordinance and consequently the conviction of defendant was invalid."

The affidavit charging the offense reads: "* * * that Michael P. Sabol * * * on or about the 14 day of Mar., 1964, at the City of Akron, in the County of Summit * * * unlawfully did disturb the peace and good order of the City of Akron by intoxication, in violation of Section 1155.02 of the Code of the City of Akron * * *."

Section 1155.02 (the ordinance) is in the following terms: "No person shall disturb the peace and good order of the city by intoxication, fighting, using obscene or profane language, or by clamor and noise, or by unlawful [sic] assaulting or threatening another in a menacing manner, or unlawfully striking or wounding another, or by following or pursuing any female or other person in an indecent or disorderly manner, or by lewd or lascivious conduct."

The appellant (defendant) argues his case by saying that— "Something more is required in a valid affidavit under the section relating to disturbing the peace than the mere conclusion of the affiant that the accused was intoxicated. Certainly acts or conduct should be clearly set forth in the affidavit under Section 1155.02 as to what he did, in fact, to disturb the peace; how was the peace disturbed, where did the disturbance occur, and who was disturbed thereby * * *."

In a criminal action, the accused has a constitutional right to be informed of the nature and cause of the accusation against him. The formal charge, whether by indictment, information, or affidavit, must contain the constituent elements of a criminal offense. However, this does not mean that the formal accusation must necessarily include all the specific facts relied upon to sustain the charge.

In Section 2941.05, Revised Code, there is a provision that in an indictment or information, the charge is sufficient if it is "* * * in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged." The same general rule also pertains to affidavits filed in a Municipal Court charging an offense under a municipal ordinance.

The ordinance upon which the prosecution before us is based says that "no person shall disturb the peace and good order of the city by intoxication * * *" and the charge in the affidavit is that the defendant "* * * unlawfully did disturb the peace and good order of the City of Akron by intoxication * * *." It appears that the charge is substantially in the language of the ordinance.

We are cognizant of the rule that under some circum-

stances it is not sufficient to charge an offense in the language of a statute or ordinance alone, whereby its generality may embrace acts which it was not the intent of the statute or ordinance to punish. Such facts must be alleged that, if proved, the defendant cannot be innocent. This rule cannot and does not apply to the case before us because the language of the ordinance is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to any acts other than those made unlawful.

In one of the states a citizen was prosecuted for "disturbing religious worship" and an indictment so charged. It was properly held by a reviewing court that the charge was insufficient for the reason that one may innocently disturb religious worship, as by fainting, sneezing, or doing other involuntary and innocent acts and, therefore, the act or acts which disturbed religious worship should have been set out in the charge.

In the case before us, a condition of intoxication or drunkenness is charged as the cause of disturbing the "peace and good order" of the city. Intoxication is an offense against the state as well as against the city. It is condemned as a wrong in and of itself not only by statute and ordinance but, also, by common decency and good morals. Intoxication needs no further definition and cannot be excused when it disturbs the peace and good order of a city.

In direct answer to the single claim of error, we find that the affidavit properly charges an offense under the municipal ordinance and, as a consequence, the judgment must be affirmed.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.