CITY OF LIMA, APPELLEE, *v.* WARD, APPELLANT.

[Cite as City of Lima v. Ward, 8 Ohio App. 2d 177.]

(No. 1312—Decided November 2, 1966.)

*Mr. James L. Kill,* for appellee.
*Mr. William Guyton, Jr.,* for appellant.

GUERNSEY, J. The defendant, Tommie Alva Ward, was tried by the Municipal Court of Lima, convicted and sentenced for an alleged violation of Lima City Ordinance No. 969.07. On this appeal he claims, among other things, that the Municipal Court committed error in trying and convicting him on an insufficient affidavit.

The affidavit filed by the arresting officer, omitting formal parts, alleges "that on or about the 5th day of February, 1966, at the County of Allen, aforesaid and in the City of Lima, one Tommie Alva Ward did knowingly and wilfully resist Ellis Vandemark, an officer of the Lima Police Department, Lima, Ohio, in the execution of his office, contrary to an ordinance of said city in such cases made and provided."

Lima City Ordinance No. 969.07 provides in its entirety that "It shall be unlawful for any person to knowingly and willfully resist, obstruct, threaten, menace or abuse any officer in the execution of his office."

The sufficiency of an affidavit to charge an offense is ordinarily, and with some exceptions, governed by the same laws pertaining to the sufficiency of an indictment. Section 2941.35, Revised Code. In 1842, in the case of *Lamberton* v. *State,* 11 Ohio 282, the Supreme Court of Ohio had before it the question of the sufficiency of an indictment under section 9 of the Act of March 8, 1831, Swan's Stat. 242, that statute providing in pertinent parts substantially the same as Lima City Ordinance No. 969.07 now provides, and the indictment alleging that Lamberton, on a certain date at a certain place "with force and arms, one David Bryte, then and there being sheriff of said county, and also then and there being in the execution of his said office as such sheriff as aforesaid, unlawfully did resist, contrary to the form of the statute," etc. In holding the indictment insufficient in not setting forth all the facts necessary to constitute and give notice of the offense, Judge Birchard said:

"It is a rule of criminal law, based upon sound principles, that every indictment should contain a complete description of the offense charged. That it should set forth the facts constituting the crime, so that the accused may have notice of what he is to meet; of the act done, which it behooves him to contro-

vert, and so that the court, applying the law to the facts charged against him, may see that a crime has been committed.

"A contrary doctrine would deprive the accused of one of the means humanely provided for the protection of innocence; the right of having the law of his case passed upon by judges learned and experienced in matters of criminal jurisprudence. For how could a court determine, upon the face of this indictment, what were the facts upon which the grand inquest of the county predicated their conclusion, that the sheriff was unlawfully resisted in the execution of his duty? This indictment sets forth no fact whatsoever. It merely states a conclusion of law, predicated upon a supposed state of facts. * * * It is not safe to trust to such general allegations in an indictment. They do not meet the intention of the framers of the Constitution, who provided that every person should be allowed to meet his accuser face to face, and be furnished with the *nature and cause of the accusation against him.*"

See, also, *Faris* v. *State,* 3 Ohio St. 159, 171, and 67 Corpus Juris Secundum 60, Obstructing Justice, Section 14 c.

We recognize that to the extent the Constitution permits, by the adoption thereafter of the statute now known as Section 2941.05, Revised Code, the Legislature prescribed that the statement in an indictment that the accused has committed some public offense "may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged." Although this liberalization as to the sufficiency of indictments is likewise applicable to the sufficiency of affidavits when charging a statutory offense (see, for instance, *State* v. *Parks,* 105 Ohio App. 208; *State* v. *Gundlach,* 112 Ohio App. 471, motion to certify overruled February 15, 1961; and Section 2941.35, Revised Code), we have been able to find only two cases which treat its applicability to affidavits charging an offense under a municipal ordinance. In *City of Akron* v. *Sabol,* 2 Ohio App. 2d 109, Judge Doyle of the Court of Appeals for Summit County stated in his opinion that the same general rule, hereinbefore quoted from Section 2941.05, Revised Code, "also pertains to affida-

vits filed in a Municipal Court charging an offense under a municipal ordinance.'' It will be noted, however, that the judgment of the appellate court was not based solely on the identity of the charging language with the language of the municipal ordinance, for Judge Doyle then goes on to say:

"We are cognizant of the rule that *under some circumstances it is not sufficient to charge an offense in the language of a statute or ordinance alone,* whereby its generality may embrace acts which it was not the intent of the statute or ordinance to punish. Such facts must be alleged that, if proved, the defendant cannot be innocent. This rule cannot and does not apply to the case before us because *the language of the ordinance is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to any acts other than those made unlawful.''* (Emphasis added.)

Similarly, in *City of Columbus* v. *Highsmith,* 85 Ohio App. 149, the Court of Appeals for Franklin County held an affidavit charging an offense under an ordinance sufficient not solely because it used the language of the ordinance but because the language used was in fact sufficient to give the accused notice of the offense of which he was charged.

Although this author has reservations as to the applicability of the language of Section 2941.05, Revised Code, to words of municipal ordinances when it is made applicable specifically and only to "words of the section of the Revised Code describing the offense," etc., we need not determine such issue, for whether applicable to municipal ordinances or not, this is a case where, as stated by Judge Doyle in the *Sabol case, supra,* "it is not sufficient to charge an offense in the language of a statute or ordinance alone." The Supreme Court of Ohio held in the *Lamberton case, supra,* that an indictment drawn in the words of a statute, which language was equivalent to the language used here in drawing an affidavit in the words of a municipal ordinance, stated only conclusions of law, and did not set forth all the *facts* necessary to constitute the offense and to furnish the accused with the nature and cause of the accusation against him, as prescribed by the Constitution of Ohio.

For these reasons it is our opinion that the *Lamberton case, supra,* is here applicable and, as the affidavit filed against the

defendant failed to charge any offense for which the defendant was answerable under the laws of the state of Ohio, that the judgment of conviction and sentence is void for lack of jurisdiction of the Municipal Court of Lima. *State* v. *Cimpritz*, 158 Ohio St. 490.

Defendant's other assignments of error could be demonstrated only by reference to a bill of exceptions. The partial bill of exceptions filed herein was filed out of rule and may not be referred to for such purpose.

For the error of the trial court in assuming jurisdiction and in convicting the defendant on the basis of an affidavit which did not charge an offense, the judgment of conviction and sentence is reversed and vacated, the defendant is ordered discharged, and any bail bonds or appeal bonds filed by him are ordered released, at the costs of the city of Lima.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.