THE STATE OF OHIO, APPELLEE, *v.* BARRETT, APPELLANT.

[Cite as State v. Barrett (1975), 45 Ohio App. 2d 20.]

(No. 1129—Decided May 2, 1975.)

*Mr. Peter J. Wagner*, for appellant.
*Mr. Chester H. Marcin*, for appellee.

BROWN, P. J. Defendant Robert D. Barrett has appealed a conviction from the Perrysburg Municipal Court in a non-jury trial for drag racing, a violation of R. C. 4511.251. The pertinent facts stated in the affidavit, written on a uniform traffic ticket and given to the defendant at the scene of the alleged offense, are as follows:

"Roger D. Barrett * * * did on the 1st day of June,

1974, at 2:10 A. M. unlawfully pass, operate a vehicle * * * upon a public highway * * * and did then and there commit the following offense: Description of Offense Drag Racing in violation of Section No. 4511.251 of the Ohio Revised Code.''

The defendant's first assignment of error states:

''The trial court erred in denying defendant's motion for dismissal of the faulty affidavit.''

This motion for dismissal was made orally by defense counsel at the start of the trial and immediately overruled by the court. Defendant argues that the affidavit is fatally defective and insufficient because it omits allegations concerning two essential elements of the crime of drag racing, defined in R. C. 4511.251, applicable in this case, as: (1) accelerating speeds of two vehicles in a competitive attempt to outdistance each other, and (2) the speeding of the two vehicles in excess of the prima facie speed limit. *State* v. *Goodman* (1966), 8 Ohio App. 2d 166, 171; *State* v. *Cimpritz* (1953), 158 Ohio St. 490, paragraph 3 and 6 of the syllabus: We disagree. The first assignment of error is not well taken.

The affidavit in this case in substance charged the defendant with the crime of drag racing. The charge was substantially in the words and language of the drag racing statute. R. C. 4511.251(B) reads:

''No person shall participate in a drag race as defined in division (A) of this section upon any public road, street, or highway in this state.''

The definition portion of drag racing set forth in R. C. 4511.251 (A), as it applied to the defendant Barrett, was not required to be contained in the affidavit.

An affidavit charging an offense of drag racing is sufficient if it adopts and follows the language of division (B) of R. C. 4511.251, or is substantially equivalent thereto, where the defendant is thereby apprised of the offense charged, and the trial court is enabled to see therefrom upon which statute the charge is based. Such affidavit is sufficient where it contains in substance a statement that the accused had committed a criminal offense in the words

of the statute describing the offense, or in words sufficient to give the accused notice of the offense of which he is charged. R. C. 2941.05 and R. C. 2941.35; *State* v. *Gundlach* (1960), 112 Ohio App. 471, 474; R. C. 2941.08(K), and 2941.29; Crim. Rules 7(E), 16 and 17.1 An adherence to those legal principles and criminal statutes occurred in the phrasing of the affidavit charging defendant Barrett in this case with drag racing.

We recognize that a result different from *State* v. *Gundlach, supra,* was reached in *State* v. *Goodman, supra* at 171, where the court of appeals stated:

"This affidavit attempts to allege drag racing under situation A, but it is defective because it does not allege that the two vehicles operating side by side did so 'at accelerating speeds in a competitive attempt to out-distance each other.'

"One of the most important elements of drag racing, and probably the most important, is the 'competitive attempt to out-distance each other,' because the gravamen of this offense is the increased danger to persons and property on the highway * * *.

"This is a material element of the offense of drag racing, and its omission is fatal to the validity of the affidavit. See 28 Ohio Jurisprudence 2d 432, Indictment and Information, Section 30. The defect is not aided by a verdict. *State* v. *Holbrook,* 95 Ohio App. 526. See 28 Ohio Jurisprudence 2d 497, Indictment and Information, Section 79."

The court of appeals in *Goodman, supra* at 171, did not disagree with the *Gundlach* case, *supra,* but distinguished the language of the affidavit in *Gundlach,* and cited *Gundlach* with approval. The second assignment of error is that the decision of the trial court finding defendant guilty of drag racing is against the manifest weight of the evidence. Defendant argues that the state produced no evidence that defendant and the other driver were accelerating their speeds in a competitive attempt to outdistance each other. We agree. For this reason we reverse.

The state tried to prove facts to show a violation of the following portion of R. C. 4511.251 (A):

"Drag racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other * * * . The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of section 4511.21 of the Revised Code * * * shall be prima facie evidence of drag racing."

See the analysis of R. C. 4511.251 (A) in *State* v. *Goodman, supra,* at 170, 175 and 176.

There was a failure of evidence that defendant intended to compete with the other vehicle to outdistance him. The presumption of drag racing by reason of the fact defendant and the driver of the other vehicle were operating their vehicles side by side at speeds in excess of the prima facie lawful speeds prescribed by R. C. 4511.21 was rebutted by the state's own evidence. One officer testified that the driver in the right lane slowed down as he neared the parked patrol vehicle of the officer while at that time defendant's vehicle in the passing lane gained speed and was about one-half car length ahead of the other vehicle. The officer testified that he never asked defendant if defendant had any intent to race the other vehicle. There was no testimony that defendant even knew the driver of the vehicle he was passing.

The intent on the part of one driver to outdistance rather than overtake and pass another vehicle was not established beyond a reasonable doubt. *State* v. *Goodman, supra,* at 177.

The judgment of the Perrysburg Municipal Court is reversed at plaintiff's costs, and a final judgment is rendered for the defendant ordering his discharge.

*Judgment reversed.*

WILEY and POTTER, JJ., concur.