CITY OF CLEVELAND, Appellee,

v.

WASHINGTON MUTUAL BANK, Appellant.

[Cite as *Cleveland v. Washington Mut. Bank*, 179 Ohio App.3d 692, 2008-Ohio-6956.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91379.

Decided Dec. 31, 2008.

Robert J. Triozzi, Cleveland Director of Law, and Andrew A. Meyer, Assistant Director of Law, for appellee.

Shapiro, Van Ess, Phillips & Barragate, L.L.P., and Benjamin D. Carnahan, for appellant.

KENNETH A. ROCCO, Judge.

{¶ 1} Defendant-appellant, Washington Mutual Bank, appeals from its misdemeanor conviction under the city's codified ordinances for building and housing code violations. Appellant contends that the court erred by proceeding with a trial in absentia, by finding that the evidence was sufficient to support its conviction, by failing to adequately consider all of the relevant sentencing factors, and by imposing an excessive sentence. Appellant further argues that it received ineffective assistance of counsel. We agree that the court erred by trying

appellant in absentia. Therefore, we vacate the judgment and remand for further proceedings.

{¶ 2} The record in this case reveals that appellant was cited in a complaint filed in the Cleveland Municipal Court with (1) failing to comply with the order of the director of building and housing as stated in a violation notice dated August 29, 2006, and (2) violation of Cleveland Codified Ordinance sections 369.13 and 369.15. A summons was issued February 7, 2007, commanding the defendant to appear on May 1, 2007. A United States Postal Service return receipt indicates that it was received by Deanne Kessler at Washington Mutual, c/o "CSC–Lawyers Inc. Ser" (sic), 50 Broad Street, Suite # 1800, Columbus, Ohio 43215, on February 12, 2007. Appellant apparently did not appear, and a capias was issued, bond being set at $10,000.

{¶ 3} On November 13, 2007, the court entered a judgment entry scheduling this matter for trial on November 26, 2007, and instructing the clerk to appear at the hearing and enter a not-guilty plea on this organizational defendant's behalf if the defendant did not appear. The court further stated that it would proceed to trial immediately. However, for reasons not apparent on the record, the court entered a not-guilty plea for the defendant and continued the matter for pretrial on December 7, 2007. A pretrial was held on that date, and the matter was continued again to January 18, 2008.

{¶ 4} On January 18, 2008, attorney Romi T. Fox moved the court for an order allowing her to withdraw from the case, indicating that she had been unable to make contact with appellant and that appellant no longer owned the property. The court granted this motion. It then scheduled the matter for trial in absentia on February 11, 2008. On February 11, the court continued the matter again to March 3, 2008, instructing the clerk to reissue a summons to the appellant for that date. A summons apparently was issued, addressed to "Washington Mutual Corp. Service, 50 Broad St. Suite # 1800, Columbus, OH 43215." It is not clear how the summons was served. Another capias was issued after appellant failed to appear on March 3, 2008.

{¶ 5} The matter was set for trial again on April 7, 2008, again accompanied by an order that if the defendant did not appear, a not-guilty plea would be entered on its behalf and the court would proceed to trial. On April 7, 2008, a trial was conducted, after which the court found appellant guilty and fined it $100,000.

{¶ 6} In its first assignment of error, appellant complains that the court erred by proceeding to trial in absentia, emphasizing its right to be present at all stages of the trial. See Crim.R. 43. The city urges that appellant's failure to appear by an officer or by counsel in response to the summons authorized it to proceed to trial in absentia pursuant to R.C. 2941.47.

{¶ 7} R.C. 2941.47 provides: "When an indictment is returned or information filed against a corporation, a summons commanding the sheriff to notify the accused thereof, returnable on the seventh day after its date, shall issue on praecipe of the prosecuting attorney. Such summons with a copy of the indictment shall be served and returned in the manner provided for service of summons upon corporations in civil actions. If the service cannot be made in the county where the prosecution began, the sheriff may make service in any other county of the state, upon the president, secretary, superintendent, clerk, treasurer, cashier, managing agent, or other chief officer thereof, or by leaving a copy at a general or branch office or usual place of doing business of such corporation, with the person having charge thereof. Such corporation shall appear by one of its officers or by counsel on or before the return day of the summons served and answer to the indictment or information by motion, demurrer, or plea, and upon failure to make such appearance and answer, the clerk of the court of common pleas shall enter a plea of 'not guilty.' Upon such appearance being made or plea entered, the corporation is before the court until the case is finally disposed of. On said indictment or information no warrant of arrest may issue except for individuals who may be included in such indictment or information."

{¶ 8} R.C. 2941.47 does not apply here. Appellant was not charged by indictment or information (a procedure reserved for felony prosecutions, see Crim.R. 7). It was charged by a complaint. Therefore, R.C. 2941.47 does not apply.

{¶ 9} R.C. 2938.12 describes the circumstances under which the court may conduct a trial in absentia in a misdemeanor case: "A person being tried for a misdemeanor, either to the court, or to a jury, upon request in writing, subscribed by him, may, with the consent of the judge or magistrate, be tried in his absence, but no right shall exist in the defendant to be so tried. If after trial commences a person being tried escapes or departs without leave, the trial shall proceed and verdict or finding be received and sentence passed as if he were personally present." See also R.C. 2945.12.

{¶ 10} Crim.R. 43 also informs our decision. This rule was recently amended, effective July 1, 2008, after the trial and judgment in this case. We quote the pertinent part of the rule in effect at the time of trial: "The defendant shall be present at the arraignment and every stage of the trial * * *, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes."

{¶ 11} These provisions allow a trial in absentia to occur either at the express request of the misdemeanor defendant or upon the defendant's voluntary absence

after trial has begun. They do not allow the court clerk to enter a plea on the defendant's behalf, nor do they allow for a trial of a corporate defendant in absentia when the defendant has never appeared in the case.[1] Accordingly, we must vacate the judgment of conviction and sentence and the not-guilty plea entered on appellant's behalf by the clerk, and remand for further proceedings.

Judgment vacated<br>and cause remanded.

SWEENEY, A.J., and BOYLE, J., concur.

---

1. We recognize that this decision leaves a difficult gap in the law: there is neither a provision for enforcing a summons issued to a corporate defendant in a misdemeanor case (as there is for individual defendants, see R.C. 2935.11), nor is there a provision for proceeding in absentia. However, we cannot issue advisory opinions, and therefore we can provide no guidance on this issue.