CITY OF CLEVELAND, APPELLANT, *v.* WASHINGTON MUTUAL BANK, APPELLEE.

[Cite as *Cleveland v. Washington Mut. Bank,*

**125 Ohio St.3d 541, 2010-Ohio-2219.]**

*Criminal law — R. C. 2941.47 does not authorize a trial of a corporation in absentia in a criminal proceeding that is initiated by affidavit or complaint in a municipal court.*

(No. 2009-0441 — Submitted December 2, 2009 — Decided May 26, 2010.)

Appeal from the Court of Appeals for Cuyahoga County,

No. 91379, 2008-Ohio-6956.

_____

SYLLABUS OF THE COURT

R.C. 2941.47 does not authorize a trial of a corporation in absentia in a criminal proceeding that is initiated by affidavit or complaint in a municipal court.

_____

CUPP, J.

{¶ 1}   The issue in this case is whether R.C. 2941.47 authorizes the trial of a corporation in absentia in criminal proceedings in municipal court.  For the reasons that follow, we conclude that it does not.

**I. Procedural History**

{¶ 2}   This appeal arises out of a trial in the Cleveland Municipal Court in which appellee, Washington Mutual Bank, was charged by affidavit or complaint with building- and-housing code violations on property that it owned.

{¶ 3}   Following a January 2007 inspection of the property, a city of Cleveland housing inspector filed a complaint against the bank in February 2007, alleging that the bank had failed to comply with an order of the director of building and housing and had violated Cleveland building and housing codes

pertaining to the exterior maintenance of the property. The certified-mail receipt for that summons was accepted by a Deanne Kessler. The bank did not appear at the May hearing.

{¶ 4} In November 2007, a speedy-trial waiver signed by "Romi T. Fox" as attorney for Washington Mutual was filed.

{¶ 5} However, Fox's motion to withdraw was granted after she informed the court that she was unable to contact the bank and that the bank no longer owned the property. Attached to the motion were title documents showing that the bank had transferred the property to another person on June 25, 2007. The municipal court scheduled the matter for trial in absentia. However, the court later ordered the clerk to reissue the summons to the bank. The summons was addressed to "Washington Mutual Corp. Service" at a Columbus, Ohio address. The trial court's docket indicates that the summons was issued by "regular mail/certificate of mail" on February 15, 2008.

{¶ 6} On April 7, 2008, the bank again failed to appear either through an attorney or a corporate representative. The clerk entered a not-guilty plea on behalf of the bank, and the court conducted a trial in absentia. The court found the bank guilty as charged and imposed a fine of $100,000.

{¶ 7} The bank appealed its conviction and sentence, contending that R.C. 2941.47 did not authorize a trial in absentia. The court of appeals vacated the conviction, concluding that R.C. 2941.47 did not apply to a charge initiated by a complaint and did not provide for the trial in absentia conducted in this case. *Cleveland v. Washington Mut. Bank*, 179 Ohio App.3d 692, 2008-Ohio-6956, 903 N.E.2d 384. The court of appeals denied the city's motion for reconsideration. The appellate court declined to address the question whether R.C. 2941.47 may apply to misdemeanor proceedings initiated by indictment because this case was not brought by indictment.

**{¶ 8}** The city appealed to this court, and we granted discretionary review on two of the city's propositions of law: (1) whether R.C. 2941.35 and the rules of statutory construction authorize a misdemeanor trial in absentia when the service and pleading requirements of R.C. 2941.47 have been met and (2) whether R.C. 2938.12 and Crim.R. 43 apply or whether R.C. 2941.47 is conclusive.

## II. Analysis

**{¶ 9}** To answer the question whether the trial in absentia of Washington Mutual in this case was authorized by Ohio law, we review the language of the statutes, including R.C. 2941.47 and statutes concerning misdemeanor charges brought in municipal court.

### A. Application of R.C. 2941.47

**{¶ 10}** The court of appeals held that Washington Mutual's conviction must be vacated because R.C. 2941.47—the statute the trial court invoked for its trial in absentia of the bank—did not authorize such a procedure for criminal prosecutions instituted by complaint, as in this case. *Washington Mut. Bank*, 179 Ohio App.3d 692, 2008-Ohio-6956, 903 N.E.2d 384, at ¶ 8. R.C. 2941.47 provides:

**{¶ 11}** "*When an indictment is returned or information filed against a corporation,* a summons commanding the sheriff to notify the accused thereof, returnable on the seventh day after its date, shall issue on praecipe of the prosecuting attorney. Such summons with a copy of the indictment shall be served and returned in the manner provided for service of summons upon corporations in civil actions. If the service cannot be made in the county where the prosecution began, the sheriff may make service in any other county of the state, upon the president, secretary, superintendent, clerk, treasurer, cashier, managing agent, or other chief officer thereof, or by leaving a copy at a general or branch office or usual place of doing business of such corporation, with the person having charge thereof. Such corporation shall appear by one of its officers or by counsel on or

before the return day of the summons served and answer to the indictment or information by motion, demurrer, or plea, and *upon failure to make such appearance and answer, the clerk of the court of common pleas shall enter a plea of 'not guilty.' Upon such appearance being made or plea entered, the corporation is before the court until the case is finally disposed of.* On said indictment or information no warrant of arrest may issue except for individuals who may be included in such indictment or information." (Emphasis added.)

{¶ 12} By its plain language, R.C. 2941.47 applies in criminal cases against a corporation that were instituted by indictment or information. The statute also provides that "upon failure [of the corporation] to make [an] appearance and answer, the clerk of the court of common pleas shall enter a plea of 'not guilty.' " By its terms, R.C. 2941.47 addresses prosecutions instituted *by indictment or information* against corporations in the *court of common pleas* and directs the clerk of that court to enter a "not guilty" plea on behalf of a corporation that has failed to appear.

{¶ 13} In this case, the misdemeanor prosecution against Washington Mutual was instituted by complaint or affidavit in the municipal court, not by indictment or information in the common pleas court. The court of appeals was mistaken in stating that prosecution by indictment and information is reserved for felony prosecutions, because misdemeanors also may be presented in common pleas court. *Washington Mut. Bank*, 179 Ohio App.3d 692, 2008-Ohio-6956, 903 N.E.2d 384, at ¶ 8. Crim.R. 7(A) confirms that "[a] misdemeanor may be prosecuted by indictment or information in the court of common pleas, or *by complaint  * * * in courts inferior to the court of common pleas*." (Emphasis added.)

{¶ 14} However, the court of appeals correctly concluded that R.C. 2941.47 applies to prosecutions against a corporation that were instituted by indictment or information. Because this criminal prosecution was brought by

affidavit or complaint in municipal court rather than by indictment or information in common pleas court, R.C. 2941.47 does not apply.

{¶ 15} The city argues that by virtue of R.C. 2941.35, the procedure in R.C. 2941.47 applies to misdemeanor prosecutions brought by complaint or affidavit against a corporation in municipal court as well as to those initiated by indictment or information in common pleas court. R.C. 2941.35 provides:

{¶ 16} "Prosecutions for misdemeanors may be instituted by a prosecuting attorney by affidavit or such other method as is provided by law in such courts as have original jurisdiction in misdemeanor. *Laws as to form, sufficiency, amendments, objections, and exceptions to indictments and as to service thereof apply to such affidavits and warrants issued thereon.*" (Emphasis added.)

{¶ 17} This court, in *Cleveland v. Ely* (1963), 174 Ohio St. 403, 404, 23 O.O.2d 46, 189 N.E.2d 724, held that under R.C. 2941.35 and 1901.21[1] statutory procedures for challenging an indictment apply to criminal charges instituted by affidavit or complaint. The other appellate court cases on which the city relies to argue that R.C. 2941.35 authorizes the procedure in R.C. 2941.47 in a prosecution by affidavit or complaint in municipal court pertain to challenges to the form or sufficiency of an affidavit or complaint, e.g., *Lima v. Ward* (1966), 8 Ohio App.2d 177, 178, 37 O.O.2d 193, 220 N.E.2d 843, reversed on other grounds (1967), 10 Ohio St.2d 137, 39 O.O.2d 123, 226 N.E.2d 737, and *State v. Gundlach* (1960), 112 Ohio App. 471, 474, 15 O.O.2d 192, 174 N.E.2d 267; or a challenge to an amendment to a complaint, *Toledo v. Cousino* (Nov. 23, 1984), 6th Dist. No. L-84-103, 1984 WL 14423; or a challenge to a variance between the affidavit and the evidence, *State v. Ross* (1973), 36 Ohio App.2d 185, 205-208, 65 O.O.2d 316, 304 N.E.2d 396. R.C. 2941.35 specifically states that "[l]aws as to form,

---

1. The current version of R.C. 1901.21(A) provides: "In a criminal case or proceeding, the practice, procedure, and mode of bringing and conducting prosecutions for offenses shall be as provided in the Criminal Rules * * *."

*sufficiency, [and] amendments * * * to indictments"* apply to affidavits or complaints in misdemeanor cases. None of these cases addresses whether the *trial procedure* in R.C. 2941.47 applies to a prosecution of a corporation by complaint or affidavit in a municipal court.

{¶ 18} Neither *Ely* nor the appellate court cases on which the city relies require that the trial procedure set forth in R.C. 2941.47 apply to misdemeanor prosecutions instituted by complaint or affidavit in municipal court. Although Washington Mutual challenges the sufficiency of service of the summons in this case, the issue before us is whether R.C. 2941.47 permits a criminal trial of a corporation in absentia after proper service of process. R.C. 2941.35 specifically mentions laws governing the sufficiency of an indictment and the sufficiency of service, but it does not mention laws that govern trial procedure. R.C. 2941.35 thus does not expressly allow a trial in absentia in municipal court prosecutions of a corporation, and the cases construing R.C. 2941.35 on which the city relies do not answer the question before us today.

*B. Trial of Corporation in Absentia*

{¶ 19} The city argues that the language of R.C. 2941.47 authorizes the trial of a corporation in absentia. The city does not contend that other statutes or court rules, such as R.C. 2938.12 or 2945.12, or Crim.R. 43, authorize a criminal trial of a corporation in absentia such as occurred in this case. The city bases its argument that R.C. 2941.47 authorizes a trial of a corporation in absentia on the following language of the statute:

{¶ 20} "Such corporation shall appear by one of its officers or by counsel on or before the return day of the summons served and answer to the indictment or information by motion, demurrer, or plea, and upon failure to make such appearance and answer, the clerk of the court of common pleas shall enter a plea of 'not guilty.' *Upon such appearance being made or plea entered* [i.e., an appearance by the corporation through one of its officers or its legal counsel, or a

6

plea entered by the clerk of the common pleas court], *the corporation is before the court until the case is finally disposed of.*" (Emphasis added.)

{¶ 21} However, our holding that R.C. 2941.47 does not apply to a prosecution instituted by affidavit or complaint against a corporation in municipal court is determinative of this case; the prosecution here is one that was instituted in such a manner. Accordingly, we have no occasion to decide whether R.C. 2941.47 provides for a trial of a corporation in absentia in proceedings other than those brought by affidavit or complaint in a municipal court, or how R.C. 2941.47 may apply in relation to Crim.R. 43 or other statutes such as R.C. 2938.12.

### III. Conclusion

{¶ 22} For the above reasons, we hold that R.C. 2941.47 does not authorize a trial of a corporation in absentia in a criminal proceeding that is initiated by affidavit or complaint in a municipal court. Accordingly, we affirm the judgment of the Cuyahoga County Court of Appeals and remand for further proceedings not inconsistent with this opinion.

Judgment affirmed

and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., concur.

O'CONNOR, J., concurs separately.

BROWN, C.J., not participating.

_____

**O'CONNOR, J., concurring.**

{¶ 23} I join the majority opinion but write separately to urge the General Assembly to study the problem that gives rise to cases like this one: high rates of foreclosure in urban neighborhoods dominated by absentee owners.

{¶ 24} Cleveland, like other Ohio cities, has witnessed the spread of blighted neighborhoods caused by many factors, including absentee owners (corporate and individual) who permit properties to go into ruin and decay. The

presence of abandoned or untended buildings "portends and precipitates a downward spiral in the quality of life of [a] community." Melissa C. King, Recouping Costs for Repairing "Broken Windows": The Use of Public Nuisance by Cities to Hold Banks Liable for the Costs of Mass Foreclosures (2009), 45 Tort Trial & Ins. Prac.L.J. 97, 98. Cities already struggling to address the challenges of urban life are now desperate for assistance in their efforts to stop additional blight and deterioration.

{¶ 25} City prosecutors working in municipal and common pleas courts must have a mechanism through which they can constitutionally provide notice to owners but proceed with trial in absentia if an owner fails to respond to defend the claim. Legislative modification of R.C. 2941.47 to permit a municipal court to proceed in absentia is one manner by which this goal can be accomplished.

{¶ 26} In asserting the need for action, I am aware that many lenders are now inundated with foreclosed properties. But that dynamic is not likely to change in the foreseeable future, and lenders, as the lawful property owners, must now address the problem. They may choose to do so through cooperative efforts with city leaders. But ignoring the problem will only contribute to it, a result that is not legally, fiscally, or morally acceptable.

––––––––––––––––––

Robert J. Triozzi, Cleveland Law Director, and Karyn J. Lynn, Assistant Law Director, for appellant.

Bricker & Eckler, L.L.P., Vladimir P. Belo, and Nelson M. Reid; and Shapiro, Van Ess, Phillips & Barragate, L.L.P., and Benjamin D. Carnahan, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Alexandra T. Schimmer, Chief Deputy Solicitor General, urging reversal for amicus curiae, Ohio Attorney General.

––––––––––––––––––––––