The STATE of Ohio, Appellant,

v.

HOMESALES, INC., Appellee.

[Cite as *State v. Homesales, Inc.*, 190 Ohio App.3d 385, 2010-Ohio-5572.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090192.

Decided Nov. 19, 2010.

John P. Curp, City Solicitor, Ernest F. McAdams, Jr., City Prosecutor, and Keith C. Forman, Assistant City Prosecutor, for appellant.

---

Per Curiam.

{¶ 1} Plaintiff-appellant, the city of Cincinnati, appeals the decision of the trial court dismissing its criminal prosecution of defendant-appellee, Homesales, Inc., the absentee corporate owner of a dilapidated and condemned property located at 2619 Harrison Avenue, Cincinnati, Ohio. Homesales had repeatedly ignored the orders of the city's director of buildings and inspections to remedy the numerous and serious defects in the property. The city ultimately filed a criminal complaint in Hamilton County Municipal Court alleging that Homesales's failure to comply with the director's lawful orders violated Cincinnati Municipal Code 1101–71 and that the violation was punishable as a misdemeanor of the first degree.

{¶ 2} The city served a criminal complaint and summons on Homesales through its statutory agent. But Homesales did not appear in municipal court and did not voluntarily authorize the trial to proceed in its absence.[1] Following a hearing, the trial court found that the city could not proceed against Homesales in absentia. The court found that even if the city could properly initiate criminal proceedings against Homesales, it could not overcome the requirement that a criminal defendant must be physically present at the commencement of trial. Therefore, the trial court dismissed the complaint.

{¶ 3} The gravamen of the city's argument on appeal, raised in its single assignment of error, is that the Cincinnati Municipal Code permits it to commence trials in absentia.

{¶ 4} In its recent decision in *Cleveland v. Washington Mut. Bank,*[2] the Ohio Supreme Court held that a corporate defendant could not be tried in absentia, under R.C. 2941.47, when the defendant had not authorized the proceeding and had never appeared before the court. Cleveland municipal authorities, responding to "the spread of blighted neighborhoods caused by * * * absentee owners (corporate and individual) who permit properties to go into ruin and decay," had relied upon R.C. 2941.47 for authority to initiate criminal misdemeanor trials against corporate landowners in absentia.[3] But the Supreme Court noted that by

---

1. See, e.g., R.C. 2938.12.

2. 125 Ohio St.3d 541, 2010-Ohio-2219, 929 N.E.2d 1039; see also *Cleveland v. Destiny Ventures, L.L.C.,* 125 Ohio St.3d 540, 2010-Ohio-2320, 929 N.E.2d 1038.

3. *Cleveland v. Washington Mut. Bank* at ¶ 24 (O'Connor, J., concurring).

its express terms, R.C. 2941.47 applied only to "prosecutions instituted *by indictment or information* against corporations in the *court of common pleas* and directs the clerk of that court to enter a 'not guilty' plea on behalf of a corporation that has failed to appear."[4] Since Cleveland had initiated the misdemeanor prosecutions by complaint or affidavit in municipal court,[5] the Supreme Court concluded that the trial court lacked the authority to conduct the trial.[6]

{¶ 5} Here, the city correctly notes that it is not constrained by the statutory impediment to the prosecutions in *Washington Mut.* Cincinnati Municipal Code 902–8, effective January 1, 1974, authorizes the initiation of legal proceedings, by affidavit filed in the Hamilton County Municipal Court, against "any organization" found in "violation of any ordinance of the City of Cincinnati." Under this ordinance, the city clearly had the authority to initiate the criminal complaint against Homesales in municipal court.

{¶ 6} The city further contends that Cincinnati Municipal Code 902–8 provided the municipal court with authority to proceed with a trial in absentia against Homesales. The code provision states that if a defendant organization fails to appear and to answer a criminal complaint, the court "shall enter a plea of not guilty, and upon such appearance being made or plea entered the organization shall be deemed thenceforth continuously present in said court until the case is finally disposed of."[7]

{¶ 7} But until Homesales elects to appear at trial, Crim.R. 43 and the federal and Ohio constitutions bar the city from proceeding with this criminal prosecution.[8] We note that a corporate defendant typically appears at trial through the presence of its counsel.[9] "One of the most basic of the rights guaranteed by the Confrontation Clause [of the Sixth Amendment to the United States Constitution] is the accused's right to be present in the courtroom at every stage of his trial."[10] The accused's presence guards against the principal evil that

---

4. Id. at ¶ 12 (emphasis sic.)

5. See id. at ¶ 13.

6. See id. at syllabus.

7. Cincinnati Municipal Code 902–8.

8. See Sixth Amendment to the United States Constitution; see also Section 10, Article I, Ohio Constitution.

9. See Crim.R. 43(A).

10. *Illinois v. Allen* (1970), 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353.

the clause was meant to remedy, the "use of ex parte examinations as evidence against the accused."[11] The Ohio Constitution is more direct: "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel * * *."[12]

{¶ 8} The Ohio Supreme Court has declared that these constitutional guarantees "mandate the presence of the defendant, absent waiver of his rights * * * at every stage of his trial."[13] These guarantees have been embodied in Crim.R. 43(A).[14] The rule provides that "the defendant *must be physically present* at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes."[15]

{¶ 9} This court has long upheld this mandate. For example, in a criminal proceeding for the forfeiture of property under R.C. 2933.43, we concluded that the defendant had been denied due process of law when the court proceeded to hear and determine the merits of the state's forfeiture petition in the defendant's absence.[16] We held that "Crim.R. 43(A) provides a defendant in a criminal prosecution with an absolute right, subject to the provisions of Crim.R. 43(B), to be present at every stage of the trial, including the imposition of sentence. That right is so fundamental that we are compelled to hold that it cannot be removed except by a voluntary, intelligent and express waiver."[17]

{¶ 10} A trial court's failure to ensure the accused's presence at trial before proceeding is an error of constitutional magnitude.[18] The city lacks the authority under the Home Rule Amendment to enforce ordinances that are "in conflict with general laws."[19] A municipal ordinance that authorizes a trial in

---

11. *Crawford v. Washington* (2004), 541 U.S. 36, 50, 124 S.Ct. 1354, 158 L.Ed.2d 177.

12. Section 10, Article I, Ohio Constitution.

13. *State v. Williams* (1983), 6 Ohio St.3d 281, 286, 6 OBR 345, 452 N.E.2d 1323.

14. See id.; see also *State v. Meade* (1997), 80 Ohio St.3d 419, 421, 687 N.E.2d 278.

15. Emphasis added.

16. See *State v. Sutherlin* (1996), 111 Ohio App.3d 287, 676 N.E.2d 127.

17. Id. at 293.

18. *See State v. Williams*, 6 Ohio St.3d at 286, 6 OBR 345, 452 N.E.2d 1323.

19. See Section 3, Article XVIII, Ohio Constitution.

absentia permits that which the Ohio Constitution and Crim.R. 43(A) expressly forbid. And that ordinance violates the Home Rule Amendment and is not enforceable.[20]

{¶ 11} Here, the city has properly initiated a criminal prosecution against Homesales for the criminal violation of city ordinances and the orders of the city's Director of Buildings and Inspections. But Homesales has not appeared in municipal court or voluntarily waived its presence. Thus, the trial court lacked authority to hear and determine the merits of the city's complaint. The trial court did not err in refusing to permit the trial to go forward. The assignment of error is overruled.

{¶ 12} Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

CUNNINGHAM, P.J., and HENDON and MALLORY, JJ., concur.

---

20. See *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519; *Auxter v. Toledo* (1962), 173 Ohio St. 444, 20 O.O.2d 71, 183 N.E.2d 920; see also *Cincinnati v. Thompson* (1994), 96 Ohio App.3d 7, 643 N.E.2d 1157; *Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095, 835 N.E.2d 736, ¶ 29; *State v. Creamer*, 1st Dist. No. C–060568, 2007-Ohio-5125, 2007 WL 2812312, ¶ 5.