[Cite as *State v. Jones*, 2016-Ohio-5109.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150312 |
| | | C-150303 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0511217-C |
| vs. | : | *O P I N I O N.* |
| DONALD JONES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded in C-150303; Appeal Dismissed in C-150312

Date of Judgment Entry on Appeal:  July 27, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Donald Jones*, pro se.

Per Curiam.

{¶1} Defendant-appellant Donald Jones appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Re-Sentencing Based on Void Judgment." We dismiss the case numbered C-150312 as duplicative of the case numbered C-150303. We affirm as modified the court's judgment denying relief under the postconviction statutes. But we remand for resentencing in conformity with the statutory mandates concerning postrelease control.

{¶2} Jones was convicted of murder in 2006. We affirmed his conviction in his direct appeal. *State v. Jones*, 1st Dist. Hamilton No. C-070083 (Oct. 24, 2007), *appeal not accepted*, 116 Ohio St.3d 1505, 2008-Ohio-381, 880 N.E.2d 481.

{¶3} Jones also challenged his conviction in postconviction motions filed with the common pleas court in 2007, 2010, 2012, and 2015. In his 2015 "Motion for Re-Sentencing Based on Void Judgment," he sought resentencing on the grounds that (1) the trial court violated R.C. 2947.23(A)(1), and his trial counsel was ineffective in failing to object, when the court, at his 2006 sentencing hearing, did not provide notice that he could be ordered to perform community service if he did not pay the costs of his prosecution, (2) the trial court violated his Crim.R. 43 right to be present during sentencing when, in May 2012, it entered judgment remitting costs "nunc pro tunc [to] 5/26/2011," and (3) the trial court improperly imposed postrelease control. In this appeal from the overruling of that motion, Jones advances three assignments of error.

### *Grounds Not Asserted in the Motion*

{¶4} In his first assignment of error, Jones contends that the trial court violated R.C. 2929.19(B)(6) in ordering him to pay the costs of his prosecution without first considering his present and future ability to pay. In his second assignment of error, he contends that his trial counsel was ineffective in failing to object to the costs order.

2

{¶5} This court has jurisdiction to review only the judgment from which Jones appeals. In that judgment, the common pleas court overruled Jones's 2015 motion for resentencing. In overruling the motion, the court did not rule upon, because Jones had not asserted in his motion, a challenge to either the trial court's order that he pay costs or his trial counsel's effectiveness in that regard. *See State v. Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 Ohio App. LEXIS 4404 (Sept. 26, 1997). Therefore, we do not reach the merits of these challenges.

### Grounds Asserted in the Motion

{¶6} Jones further contends in his first assignment of error that the trial court's May 2012 nunc pro tunc entry granting his motion to remit costs violated his right to be present during sentencing, and that the trial court violated R.C. 2947.23(A)(1) in failing to notify him at sentencing that he could be ordered to perform community service if he did not pay the costs of his prosecution. In his second assignment of error, he further asserts that his trial counsel was ineffective in not objecting to the trial court's failure to provide community-service-for-nonpayment-of-costs notification. Because these contentions essentially restate grounds for relief advanced in Jones's postconviction motion for resentencing, they may fairly be read to challenge the common pleas court's denial of the relief sought in the motion on those grounds.

{¶7} *Nunc pro tunc sentencing entry and ineffective trial counsel.* Jones's motion for resentencing did not designate a statute or rule under which the relief sought might be afforded. The common pleas court was, therefore, free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶8} R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

R.C. 2953.21(J). Under the postconviction statutes, a common pleas court may grant a petitioner relief from his conviction upon proof of a constitutional violation during the proceedings resulting in his conviction that rendered his conviction void or voidable. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993).

{¶9} Jones effectively invoked the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution with his claim that his trial counsel had been ineffective concerning community-service-for-nonpayment-of-costs notification. In support of his claim that the 2012 nunc pro tunc entry remitting costs denied him his right to be present at sentencing, he invoked Crim.R. 43(A). That rule mandates the defendant's "physical[]" presence "at every stage of the criminal proceeding and trial, including * * * the imposition of sentence." In doing so, it "embodie[s]" the due-process guarantees of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. *State v. Williams*, 6 Ohio St.3d 281, 286, 452 N.E.2d 1323 (1983). *Accord State v. Homesales, Inc.*, 190 Ohio App.3d 385, 387-388, 2010-Ohio-5572, 941 N.E.2d 1271 (1st Dist.2010). Thus, with respect to those claims, Jones's motion may fairly be read to seek resentencing based on constitutional violations in the proceedings leading to his conviction that rendered his sentence voidable. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989) (holding that an ineffective-assistance-0f-counsel claim requires proof of an outcome-determinative deficiency in counsel's performance); *Williams* at 286 (holding that the constitutional right to be present at all stages of trial is violated only if the defendant's absence is prejudicial). Accordingly, the claims were reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶10} But Jones filed his petition well after the time prescribed by R.C. 2953.21(A)(2) had expired. The jurisdiction of a common pleas court to entertain a

late postconviction petition is closely circumscribed. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new retrospectively applicable right recognized by the United States Supreme Court since the time for filing his claim had expired. And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1).

{¶11} The record does not, as it could not, demonstrate that, but for the claimed errors, "no reasonable factfinder would have found [Jones] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Therefore, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain on the merits those postconviction claims.

{¶12} *Community-service-for-nonpayment-of-costs notification.* We do not reach the merits of Jones's challenge on appeal to the common pleas court's denial of relief on the ground that the trial court violated R.C. 2947.23(A)(1) in failing to provide community-service-for-nonpayment-of-costs notification.

{¶13} A court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution. Jones's motion seeking resentencing based on the lack of community-service-for-nonpayment-of-costs notification was filed with the common pleas court more than eight years after his conviction and more than seven years after we affirmed his conviction in his direct appeal. The judgment denying that relief is, therefore, not reviewable under this court's jurisdiction under R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case. Nor is that judgment reviewable under our jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief, when Jones sought relief based on a

statutory, rather than a constitutional, violation. Nor is it reviewable under our jurisdiction under R.C. 2505.03(A) to review a "final order, judgment or decree," when it was not a "final order" as defined by R.C. 2505.02. *See State v. Holmes*, 1st Dist. Hamilton No. C-150290, 2016-Ohio-4608, ¶ 6-14.

{¶14} ***Void judgment.*** Finally, courts always have jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But Jones's sentence would not have been rendered void by the alleged errors in community-service-for-nonpayment-of-costs notification or in the imposition and remission of costs, or by trial counsel's alleged ineffectiveness in those matters. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

{¶15} We, therefore, overrule the first and second assignments of error.

### Postrelease Control

{¶16} In his third assignment of error, Jones contends that the trial court erred in including in his sentence a period of postrelease control. We agree.

{¶17} In sentencing Jones for murder, the trial court notified him that, upon his release, he would be subject to a mandatory period of postrelease control of five years. The court also incorporated postrelease-control notification in the judgment of conviction.

{¶18} But the postrelease-control statutes then in effect authorized a mandatory five-year period of postrelease control only for a first-degree felony or a felony sex offense. *See* former R.C. 2929.19(B)(3)(c) and 2967.28(B)(1) (superseded by R.C. 2929.19(B)(2)(c) and 2967.28(B)(1)). The statutes did not authorize postrelease control for a special felony like murder. *State v. Clark*, 119 Ohio St.3d

239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *accord State v. Baker*, 1st Dist. Hamilton No. C-050791, 2006-Ohio-4902, ¶ 4-6.

{¶19} To the extent that Jones's sentence was not imposed in conformity with the statutory mandates concerning postrelease control, it is void. And the common pleas court had jurisdiction to review and correct the offending portion of the sentence. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27. We, therefore, sustain the third assignment of error.

### *Affirmed as Modified, but Remanded*

{¶20} The postconviction statutes did not confer on the common pleas court jurisdiction to entertain Jones's late postconviction claims on their merits. The claims were, therefore, subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the claims. And we affirm the judgment as modified.

{¶21} But the common pleas court had jurisdiction to correct a void sentence. And Jones's sentence is void to the extent that the trial court imposed an unauthorized period of postrelease control. We, therefore, remand this cause for correction of the offending portion of his sentence, in accordance with the law and this opinion.

Judgment accordingly.

**FISCHER, P.J., CUNNINGHAM** and **STAUTBERG, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.