[Cite as *State v. Holmes*, 2016-Ohio-4608.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150290 |
| | | TRIAL NO. B-1100512 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| NORMAN HOLMES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  June 29, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Norman Holmes,* pro se.

**CUNNINGHAM, Judge.**

{¶1} Defendant-appellant Norman Holmes appeals from the Hamilton County Common Pleas Court's judgment overruling his postconviction "Motion for Re-Sentencing Based on Void Judgment." We dismiss the appeal for lack of jurisdiction.

{¶2} Holmes was convicted in 2011 of robbery. We affirmed his conviction in his direct appeal. *State v. Holmes*, 1st Dist. Hamilton No. C-110457 (May 23, 2012), *appeal not accepted*, 132 Ohio St.3d 1535, 2012-Ohio-4381, 974 N.E.2d 1211. And the common pleas court overruled postconviction motions filed by Holmes in 2012, 2013, and 2015. In this appeal from the overruling of his 2015 "Motion for Re-Sentencing Based on Void Judgment," he advances two assignments of error.

### No Appellate Jurisdiction over Matters Not Raised Below

{¶3} We do not reach the merits of the challenge presented in the first assignment of error to the common pleas court's denial of relief on the ground that the trial court failed to comply with R.C. 2929.19(B)(6) in ordering that Holmes pay the costs of his prosecution. Nor do we reach the merits of the second assignment of error, challenging the denial of relief based on his trial counsel's alleged ineffectiveness concerning the matter of costs.

{¶4} This court has jurisdiction to review only the judgment from which Holmes appeals. In that judgment, the common pleas court overruled Holmes's 2015 motion seeking resentencing on the ground that the trial court, when sentencing him in 2011, had violated R.C. 2947.23(A)(1), because the court did not, as the statute then required, notify him that he could be ordered to perform community service if he did not pay the costs of his prosecution. In overruling that motion, the court did not rule upon, because Holmes had not asserted in his motion, either a challenge to the trial

court's imposition of court costs or a challenge to his trial counsel's effectiveness concerning costs. *See State v. Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 Ohio App. LEXIS 4404 (Sept. 26, 1997).

{¶5} Nor may this court review these claims under its jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. Neither the alleged error in imposing costs nor trial counsel's alleged ineffectiveness concerning costs, even if demonstrated, would have rendered Holmes's conviction void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

### *No Appellate Jurisdiction to Review Overruling of Motion for Resentencing*

{¶6} Nor do we have jurisdiction to review Holmes's challenge in his first assignment of error to the denial of the relief sought in his motion for resentencing. A court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution.

{¶7} ***Not a direct appeal.*** Holmes filed his motion four years after his conviction and three years after we had affirmed his conviction on direct appeal. The motion is thus plainly not reviewable under the jurisdiction conferred upon an appeals court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case.

{¶8} *Not reviewable as a denial of postconviction relief.* The motion did not designate a statute or rule under which the relief sought might be afforded. The common pleas court was, therefore, free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶9} R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). But to prevail on a postconviction claim, the petitioner must demonstrate an infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). Holmes's motion was not reviewable by the common pleas court under the postconviction statutes, because it sought relief based upon a deprivation of a statutory, rather than a constitutional, right. In turn, the entry overruling the motion is not reviewable under this court's jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief.

{¶10} *Not reviewable as a "final order."* Nor is the entry overruling the motion reviewable under this court's jurisdiction under R.C. 2505.03(A), to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding," that is, in "an action or proceeding that is

specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy," that is, a remedy in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶11} For purposes of determining whether an order is "final," a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In his motion, Holmes sought resentencing for the trial court's failure to provide the statutorily mandated community-service-for-nonpayment-of-costs notification. Thus, the common pleas court's order overruling the motion implicated a substantial right.

{¶12} Holmes's motion was not, however, filed in any action or any proceeding ancillary to an action, pending before the common pleas court. Although the common pleas court was free to "recast" Holmes's motion to identify the standard by which it should be decided, *Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, at ¶ 12 and syllabus, the motion was not reviewable by the common pleas court as a Crim.R. 32.1 motion to withdraw a guilty plea, because Holmes was convicted following a jury trial. Nor was the motion reviewable by the common pleas court as a Crim.R. 33 motion for a new trial, when it sought resentencing, rather than a new trial. Because

the motion was not filed in a pending proceeding, the common pleas court's order overruling the motion cannot be said to have effectively determined or prevented a judgment in any proceeding. *See* R.C. 2505.02(B)(1) and (B)(4)(a). Nor can that order be said to have been "made" in any "special" statutory proceeding. *See* R.C. 2505.02 (B)(2).

{¶13} *Not reviewable as a void judgment.* Finally, the matter was not reviewable by the common pleas court, nor is it reviewable by this court, under a court's jurisdiction to correct a void judgment. *See Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 18-19. The trial court's failure to provide community-service-for-nonpayment-of-costs notification would not have rendered Holmes's sentence void. *See Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, at ¶ 11.

## *Appeal Dismissed*

{¶14} We, therefore, hold that we are without jurisdiction to review the common pleas court's entry overruling Holmes's "Motion for Re-Sentencing Based on Void Judgment." Accordingly, we dismiss this appeal.

Appeal dismissed.

**FISCHER, P.J.**, and **STAUTBERG, J.**, concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.

6