[Cite as *State v. Hengehold*, 2016-Ohio-5383.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150402 |
| | | TRIAL NO. B-905998 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| JEFFREY HENGEHOLD, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:    August 17, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jeffrey Hengehold*, pro se.

Per Curiam.

{¶1}    Defendant-appellant Jeffrey Hengehold appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Re-Sentencing Based on Void Judgment."  We affirm the court's judgment.

{¶2}    Hengehold was convicted of murder and arson in 1991.  We affirmed his convictions in his direct appeal.  *State v. Hengehold*, 1st Dist. Hamilton No. C-910143 (Dec. 31, 1991), *appeal not accepted*, 63 Ohio St.3d 1472, 591 N.E.2d 242 (1992).

{¶3}    In 2015, he filed with the common pleas court a "Motion for Re-Sentencing Based on Void Judgment."  In his motion, he sought resentencing on the grounds that the trial court had violated R.C. 2947.23(A)(1), and his trial counsel had been ineffective in failing to object, when the court, at his sentencing hearing, did not provide notice that he could be ordered to perform community service if he did not pay the costs of his prosecution.  In this appeal from the overruling of that motion, Hengehold advances three assignments of error.

### Ground Not Asserted in the Motion

{¶4}    We address first Hengehold's third assignment of error, in which he contends that the trial court violated R.C. 2929.19(B)(6) in ordering him to pay the costs of his prosecution without first considering his ability to pay.  This court has jurisdiction to review only the judgment from which Hengehold appeals.  In that judgment, the common pleas court overruled Hengehold's 2015 motion for resentencing.  In overruling the motion, the court did not rule upon, because Hengehold had not asserted in his motion, a challenge to the trial court's order that he pay costs.  Therefore, we do not reach the merits of this challenge.  *See State v.*

*Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 Ohio App. LEXIS 4404 (Sept. 26, 1997).

### *Grounds Asserted in the Motion*

{¶5}   In his first assignment of error, Hengehold contends that the trial court violated R.C. 2947.23(A)(1) in failing to provide at sentencing community-service-for-nonpayment-of-costs notification.  In his second assignment of error, he asserts that his trial counsel was ineffective in not objecting to the trial court's failure to provide that notification.  Because each assignment of error essentially restates a ground for relief advanced in Hengehold's postconviction motion for resentencing, it may fairly be read to challenge the common pleas court's denial of the relief sought in the motion on that ground.

{¶6}   In his motion, Hengehold did not designate a statute or rule under which the relief sought might be afforded.  The common pleas court was, therefore, free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶7}   ***Ineffective assistance of counsel.*** R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."  R.C. 2953.21(J).   Under the postconviction statutes, a common pleas court may grant a petitioner relief from his conviction upon proof of a constitutional violation during the proceedings resulting in his conviction that rendered his conviction void or voidable.  *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993).

{¶8}    With his claim that his trial counsel had been ineffective concerning community-service-for-nonpayment-of-costs notification, Hengehold effectively invoked the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution.  Thus, with respect to that claim, his motion may fairly be read to seek resentencing based on a constitutional violation in the proceedings leading to his conviction.  Accordingly, the claim was reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶9}    But Hengehold filed his petition well after the time prescribed by R.C. 2953.21(A)(2) had expired.  The jurisdiction of a common pleas court to entertain a late postconviction claim is closely circumscribed.  The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new retrospectively applicable right recognized by the United States Supreme Court since the time for filing his claim had expired.  And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."  R.C. 2953.23(A)(1).

{¶10} The record does not, as it could not, demonstrate that, but for trial counsel's alleged ineffectiveness concerning community-service-for-nonpayment-of-costs notification, "no reasonable factfinder would have found [Hengehold] guilty of the offense[s] of which [he] was convicted."  R.C. 2953.23(A)(1)(b).  Therefore, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain on the merits Hengehold's postconviction challenge to his trial counsel's effectiveness in that regard.  We, therefore, overrule the second assignment of error.

{¶11} *Community-service-for-nonpayment-of-costs notification.* We do not reach the merits of Hengehold's first assignment of error, challenging the common pleas court's denial of postconviction relief on the ground that the trial court violated R.C. 2947.23(A)(1) in failing to provide community-service-for-nonpayment-of-costs notification.

{¶12} A court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution. Hengehold's motion seeking resentencing based on the lack of community-service-for-nonpayment-of-costs notification was filed with the common pleas court more than 24 years after his convictions and more than 23 years after we affirmed his convictions in his direct appeal. The judgment denying that relief is, therefore, not reviewable under this court's jurisdiction under R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case. Nor is that judgment reviewable under our jurisdiction under R.C. 2953.23(B) to review an order denying postconviction relief, when relief was sought based on a statutory, rather than a constitutional, violation. Nor is the judgment reviewable under our jurisdiction under R.C. 2505.03(A) to review a "final order, judgment or decree," when it was not a "final order" as defined by R.C. 2505.02. *See State v. Holmes*, 1st Dist. Hamilton No. C-150290, 2016-Ohio-4608, ¶ 6-14. *Accord State v. Jones*, 1st Dist. Hamilton Nos. C-150303 and C-150312, 2016-Ohio-5109.

### The Sentences Are Not Void

{¶13} Finally, courts always have jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But Hengehold's sentences would not have been rendered void by the

alleged error in the imposition of costs, by the lack of community-service-for-nonpayment-of-costs notification, or by trial counsel's alleged ineffectiveness concerning that notification. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989) (holding that a conviction may be reversed on the ground of ineffective assistance of counsel only upon proof of an outcome-determinative deficiency in counsel's performance); *State v. Holmes*, 1st Dist. Hamilton No. C-150290, 2016-Ohio-4608, ¶ 5 (holding that a sentence is not rendered void by the trial court's failure to comply with R.C. 2929.19(B)(6) in ordering defendant to pay the costs of his prosecution); *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 11 (holding that a sentence is not rendered void by the trial court's failure to provide community-service-for-nonpayment-of-costs notification).

### *Affirmed as Modified*

{¶14} We do not reach the merits of the challenges advanced in Hengehold's first and third assignments of error. Because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain Hengehold's late postconviction challenge to his trial counsel's effectiveness concerning community-service-for-nonpayment-of-costs notification, the claim was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the claim. And we affirm the judgment as modified.

Judgment affirmed as modified.

FISCHER, P.J., HENDON and DEWINE, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.